OPINION
Defendant-appellant Regis Berescik appeals from a judgment rendered by the Jefferson County Common Pleas Court, overruling his motion for a new trial. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE FACTS
On July 6, 1995, appellant was indicted on two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (7). At trial, appellee relied on testimony given by Frank Forst (Forst), an informant. Prior to appellant's arrest, he had several conversations with Forst, who was equipped with a miniature cassette recorder. The tapes revealed that Forst was attempting to buy cocaine from appellant. In turn, appellant was attempting to obtain cocaine from his supplier to sell to Forst. With money provided by the Mingo Junction Police Department, Forst purchased cocaine from appellant.
Appellant was convicted on both counts. He was sentenced to one definite incarceration term of 24 months and one indefinite term of five to 25 years. This court affirmed appellant's conviction. State v.Berescik (1996), 116 Ohio App.3d 829.
On June 16, 1998, appellant filed a motion for a new trial, claiming that new evidence established that Forst committed perjury. The trial court overruled his motion. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth two assignments of error on appeal, the first of which alleges:
 "THE TRIAL COURT ERRED WHEN IT ISSUED FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT WERE CONTRARY TO APPLICABLE PRECEDENT OF THE UNITED STATES SUPREME COURT."
 LAW AND ANALYSIS
Several years after appellant was convicted, Forst pled guilty to tax evasion. In response, appellant filed a motion for a new trial which was overruled by the trial court. Appellant contends that Forst's guilty-plea proves that Forst committed perjury when he testified in appellant's case. A new trial is required if false testimony could in any reasonable likelihood have affected the jury's judgment. Giglio v. United States
(1972), 405 U.S. 150, 154. As such, appellant argues that he should have been granted a new trial.
At the time of trial, Forst was being investigated by the IRS for tax evasion. When asked about the circumstances surrounding the investigation, Forst claimed that he filed his income taxes wrong and was being audited. On cross-examination, appellant's counsel suggested that the investigation stemmed from Forst's relationship with several elderly women from whom Forst purportedly took money. Forst claimed that he helped the women with various tasks. He claimed that he cashed their checks at the bank for them. He admitted to purchasing a car from one of the women four or five months after she bought it for $600 less than she paid for it. However, he did not, as appellant suggests, deny that he was being investigated for fraud. In fact, he was never asked if he was being investigated for fraud. On cross-examination, appellant's counsel merely hinted at such a notion. Furthermore, Forst did not plead guilty to fraud. He pled guilty to tax evasion, a crime for which he admitted to being investigated. Therefore, even if Forst denied engaging in fraud as appellant claims, his subsequent plea of guilty to charges of tax evasion does not prove that he committed perjury. As such, appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED WHEN IT OVERRULED MR. BERESCIK'S MOTION FOR A NEW TRIAL."
 LAW AND ANALYSIS
Kathy Duncan, the niece of the two elderly women against whom appellant claims Forst committed fraud, submitted an affidavit to the court. Her affidavit stated that Forst defrauded her aunts. It claimed that this fraud led to the IRS investigation. It further contends that this information was provided to the prosecutor in this case. Appellant notes that a new trial is warranted when the prosecutor knowingly presents false testimony or permits false testimony to go uncorrected. Giglio,supra at 153. Again, appellant claims that Forst committed perjury by denying that he was being investigated for fraud. He argues that it was improper for the prosecutor to allow Forst to testify in such a manner. However, given our resolution of appellant's first assignment of error, wherein we noted that appellant presents no evidence that Forst committed perjury, a new trial was not warranted. Therefore, appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 _____________________ VUKOVICH, J.
Donofrio, J., concurs.
Waite, J., concurs.